UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HAROLD EUGENE WILSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 14-61-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Harold Eugene Wilson ("Wilson") is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Wilson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Through this petition, he seeks transfer to a residential re-entry center or home confinement. [Record No. 1] Specifically, Wilson argues that the Bureau of Prisons ("BOP") incorrectly determined that he should not be transferred to an alternate facility due to his medical issues. [*Id.*] Because BOP acted appropriately within its discretionary authority, Wilson's petition will be denied.

**I.**

Wilson is currently serving a sentence for a drug-related offense. He indicates that he has worked full time while in the custody of the BOP, and has not been subject to any disciplinary reports or sanctions since his initial incarceration in 2006. Wilson maintains that he is a 44-year old male in good health and takes one medication, a blood thinner. [*Id*. at pp. 1-2]

In 2013, Wilson requested that he be permitted to serve the last portion of his sentence either in a residential re-entry center or home confinement pursuant to the Second Chance Act of 2007. [Record No. 1] However, the BOP denied his request on January 16, 2014, due to health concerns. [Record No. 1-1] Specifically, the BOP's Central Office concluded that Wilson was ineligible for placement because his "multi-system chronic and acute health conditions could not be appropriately managed in [a residential re-entry center]." [*Id.*, p. 5] As a result, the BOP concluded that Wilson would remain in full custody until December 31, 2014, his projected release date. [*Id.*, pp. 1-5] Wilson asks the Court to order the BOP to consider him for home confinement if he is not eligible for residential re-entry center placement. [Record No. 1, p. 3]

## II.

In conducting an initial review of habeas corpus petitions pursuant to 28 U.S.C. § 2243, the Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Wilson is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Wilson's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

By statute, Congress has vested the BOP with broad discretion to determine where a prisoner will serve his or her term of incarceration. Title 18 of the United States Code, section

3621(b) states that "[t]he [BOP ]shall designate the place of the prisoner's imprisonment" and also provides a list of factors for the BOP to consider in making any placement decision. In 2007, Congress enacted the Second Chance Act which permitted the BOP to place inmates in a residential re-entry center to serve out the last portion of their sentences:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

While the statute's use of the term "shall" requires the BOP to *consider* each inmate for residential re-entry center placement, courts interpreting the statute's use of the phrase "to the extent practicable" have consistently held that the BOP retains the discretion to decide whether residential re-entry center placement is appropriate for a particular inmate by considering the factors set forth in § 3621(b). *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Mason v. Farley*, No. 4:11CV1115, 2011 WL 4376140, at *3-4 (N.D. Ohio Sept. 20, 2011).

Here, the BOP properly considered the relevant factors in concluding that Wilson was not an appropriate candidate for residential re-entry center placement. Specifically, it considered both "the history and characteristics of the prisoner" under § 3621(b)(3) and "the resources of the facility contemplated" under § 3621(b)(1) when it stated that "your multi-system chronic and acute health conditions could not be appropriately managed in [a residential re-entry center]." [Record No. 1-1, p. 5] The BOP's reasonable consideration of the appropriate criteria in evaluating Wilson's request indicates that its decision was within the discretion provided by §

3624(c). *Cf. Roberts v. Coakley*, No. 4:14-cv-09, 2014 WL 16815151, at *3 (N.D. Ohio Apr. 28, 2014) ("Thus, the only remedy to which Roberts is entitled is an assurance that the BOP properly exercised its discretion by evaluating him under the criteria required by the Act. Other than noting he has been incarcerated for over three years, Roberts never argues the BOP failed to rely on the criteria set forth in the statute. Thus, there is no reasonable suggestion the BOP failed to properly exercise its discretion, or improperly executed his sentence."); *see also Ramirez v. Hickey*, No. 09-CV-399-JMH, 2010 WL 567997, at *3-4 (E.D. Ky. Feb. 12, 2010).

The BOP also has the discretionary authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Where, as here, the BOP reaches its conclusion that such a placement is not appropriate in consultation with the appropriate factors and the petitioner merely disagrees with that conclusion, no basis for federal habeas relief is stated. *Cf. Provenzale v. Farley*, No. 1:11CV1318, 2012 WL 1068878, at *2-3 (N.D. Ohio Mar. 29, 2012); *Hubbard v. Daniels*, No. 11-CV-814-LTB-MJW, 2011 WL 5569501, at *3-4 (D. Colo. Oct. 31, 2011).

### III.

The BOP properly acted within its discretionary authority in determining that Wilson was not eligible for transfer. Accordingly, it is hereby

**ORDERED** as follows:

1.      Petitioner Harold Eugene Wilson's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Francisco Quintana.

This 13th day of June, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge